## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CYNTHIA DAY,** | : | **No. 1:23cv355** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| | : | |
| **GLOBAL LOGISTICS** | : | |
| **SOLUTIONS, LLC,** | : | |
| **Defendant** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Before the court is Defendant Global Logistics Solutions, LLC motion to dismiss the instant employment discrimination complaint. The parties have briefed their respective positions and the matter is ripe for disposition.

**Background**[1]

Defendant employed Plaintiff Cynthia Day as a bookkeeper at its facility in Camp Hill, Pennsylvania beginning in September 2021. (Doc. 18, First Am. Compl. ¶¶ 4,16). Plaintiff is female and at the time relevant to this lawsuit was between approximately fifty-two (52) and fifty-four (54) years of age. (Id. ¶ 27).

---

[1] These brief background facts are derived from plaintiff's second amended complaint. At this stage of the proceedings, we must accept all factual allegations in the amended complaint as true. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). The court makes no determination, however, as to the ultimate veracity of these assertions.

Plaintiff performed her job well, and defendant promoted her to the position of Controller in December of 2021.  (Id. ¶¶ 16-17).  Plaintiff reported to Jason Haug, defendant's owner.  (Id. ¶ 18).  Defendant abruptly terminated plaintiff's employment on or about May 22, 2022.  (Id. ¶ 28).  Haug told plaintiff that her position was going to be transferred from Pennsylvania to New York state.  (Id. ¶ 29).

While employed by the defendant, plaintiff was paid on an hourly basis.  (Id. ¶ 36).  Plaintiff worked more than forty (40) hours a week.  From the time she began her employment in September 2021 through February 2022, defendant provided overtime compensation for all hours worked over forty (40) in a workweek.  (Id. ¶ 37).  Defendant, however, informed plaintiff in March 2022 that it would no longer provide overtime compensation despite the number of hours worked each workweek.  (Id. ¶ 38).  Accordingly, the overtime compensation stopped.  (Id.)  From March  2022 until her termination, plaintiff worked approximately seventy (70) hours a week.  (Id. 41).

Based upon these facts, plaintiff filed the instant employment discrimination action.  Plaintiff's amended complaint contains the following four causes of action:  Count I, Discrimination and Hostile Work Environment under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq.; Count II, Gender Discrimination and Hostile Work Environment under Title VII of the Civil

Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; Count III, Failure to

Pay Overtime Compensation pursuant to the Fair Labor Standards Act ("FLSA"),

29 U.S.C. § 201, *et seq.*; and Count IV, Failure to Pay Overtime Compensation

under the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 PA. STAT. §

333, *et seq.*

In response to the plaintiff's amended complaint, defendant filed a motion

for partial dismissal seeking dismissal of Counts I and II.  The parties filed briefs

on the motion, bringing the case to its present posture.

**Jurisdiction**

As plaintiff brings suit pursuant to several federal employment statutes, the

court has federal question jurisdiction.  See 28 U.S.C. § 1331 ("The district courts

shall have original jurisdiction of all civil actions arising under the Constitution,

laws, or treaties of the United States.").  The court has supplemental jurisdiction

over the plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

**Standard of review**

Defendant filed its motion for partial dismissal of plaintiff's first amended

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The court tests

the sufficiency of the complaint's allegations when considering a Rule 12(b)(6)

motion.  All well-pleaded allegations of the complaint must be viewed as true and

in the light most favorable to the non-movant to determine whether, "'under any

3

reasonable reading of the pleadings, the plaintiff may be entitled to relief.'"

Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting

Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)).  The

plaintiff must describe "'enough facts to raise a reasonable expectation that

discovery will reveal evidence of' [each] necessary element" of the claims alleged

in the complaint.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Moreover, the

plaintiff must allege facts that "justify moving the case beyond the pleadings to

the next stage of litigation."  Id. at 234-35.  In evaluating the sufficiency of a

complaint the court may also consider "matters of public record, orders, exhibits

attached to the complaint and items appearing in the record of the case."

Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir.

1994) (citations omitted).  The court does not have to accept legal conclusions or

unwarranted factual inferences.  See Curay-Cramer v. Ursuline Acad. of

Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower

Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

　　The federal rules require only that plaintiff provide "a short and plain

statement of the claim showing that the pleader is entitled to relief," a standard

which "does not require detailed factual allegations," but a plaintiff must make "a

showing, rather than a blanket assertion, of entitlement to relief that rises above

4

the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted).  "Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Twombly, 550 U.S. at 555).

The Supreme Court has counseled that a court examining a motion to dismiss should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679.  Next, the court should make a context-specific inquiry into the "factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Id. at 681.

5

**Discussion**

Defendant's motion to dismiss raises two general issues.  First, defendant argues that plaintiff's amended complaint should be dismissed because it does not comply with the federal pleading standard.  Second, defendant argues the plaintiff's claims for discrimination in Counts I and II should be dismissed because they are devoid of factual allegations to support claims for disparate treatment or hostile work environment under either Title VII or the ADEA.  The court will address these issues *seriatim*.

**I. Federal Pleading Standard**

Defendant's first argument is that plaintiff's complaint is devoid of factual allegations sufficient to make any of plaintiff's claims plausible.  Defendant indicates that it would be prejudiced if it were forced to respond to the complaint because it is unclear what claims plaintiff continues to pursue in the amended complaint and what the factual basis of these claims are.

As noted above, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  "[T]he factual detail in a complaint [cannot be]

6

so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Twombly, 550 U.S. at 555).

Defendant's argument here is very general. The facts alleged in the complaint include the timeframe that plaintiff worked for the defendant. Also alleged is that she was a woman and above the age of 40. She also notes specific instances of when her employer showed an animus to other employees in her age group and women. Additionally, she claims that she was replaced by a man, who was younger than she is. Plaintiff also makes specific factual allegations with regard to the overtime arguments. Thus, defendant's general argument will be denied. The court will proceed to the more specific arguments regarding plaintiff's claims for age and gender discrimination.

## II. Plaintiff's Claims for Age and Gender Discrimination

Counts I and II of plaintiff's amended complaint are entitled "Discrimination and Hostile Work Environment" under the ADEA (Count I) and under Title VII (Count II). Defendant argues that plaintiff has failed to present factual allegations in her complaint sufficient to allow her claims to move forward. Defendant breaks

its argument down into separate sections on disparate treatment and hostile work environment.  The court will address each in turn.

## A. Disparate Treatment

Title VII of the Civil Rights Act of 1964, prohibits employment discrimination based on race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a)(1).  Here, plaintiff alleges discrimination based upon sex, in that she claims to have been terminated from her employment because she is female.  She also alleges discrimination based upon age in violation of the ADEA, which provides protection for persons of forty (40) years of age or older from employment discrimination. 29 U.S.C. § 621, *et seq.*

An employment discrimination case can proceed on two different theories, either direct evidence or indirect/circumstantial evidence of discrimination. "Direct evidence" of discrimination is evidence that if believed would prove the discrimination without inference or presumption. <u>Torre v. Casio, Inc</u>. 42 F.3d 825, 829 (3d Cir.1994). Where direct evidence is not offered to prove that an employer discriminated, the court uses the familiar burden-shifting analysis of <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973).

Under <u>McDonnell Douglas</u>, the plaintiff must initially make a *prima facie* showing of discrimination. <u>Pivirotto v. Innovative Sys., Inc.</u>, 191 F.3d 344, 352 n. 4 (3d Cir. 1999). A plaintiff establishes a *prima facie* case by demonstrating the

following: 1) she is a member of a protected class; 2) she is qualified for the position; 3) she suffered an adverse employment decision despite her qualifications; and 4) the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position under circumstances that indicate discriminatory animus. Sarullo v. United States Postal Service, 352 F.3d 789, 797 (3d Cir. 2003) (citations omitted).

If the plaintiff establishes a *prima facie* case, the burden of production shifts to the defendant and it is required to produce some evidence of a legitimate, nondiscriminatory reason for the adverse employment action. Id. Once the defendant does so, the plaintiff must prove by a preponderance of the evidence that the proffered nondiscriminatory reasons were merely pretext and discriminatory animus was the actual reason for the employment action. Id.

Here, defendant argues that the plaintiff has not alleged a *prima facie* case of either age or gender discrimination as there are insufficient allegations of discriminatory animus on the part of the defendant.[2]  The court disagrees.

First, with regard to age discrimination, plaintiff alleges that the person whom she reported to, and who owned the company, repeatedly told plaintiff that he wanted to terminate a female employee's job due to her pregnancy.  (Doc. 18,

---

[2] It appears undisputed that plaintiff falls under the protection of Title VII as a female and under the ADEA as she is greater than forty (40) years of age.  (Doc. 18, ¶ 65).

¶¶ 19, 20).  He also indicated that another employee, Lucy Gonzalez, was an "old lady" who needed to be let go as she was too old to be working for the defendant.  (Id. ¶ 21).  Defendant terminated Ms. Gonzalez's employment the week before plaintiff's termination. (Id. ¶ 22).  Defendant, however, did not terminate Walt Aumauck, a male employee who is approximately the same age as Gonzalez and had the same employment position.  (Id. ¶ 23).  Additionally, defendant terminated another woman, Ash Mills, shortly before plaintiff's termination.  (Id. ¶ 24).

Moreover, specifically with regard to plaintiff's termination, defendant indicated that her position was being transferred to New York state.  (Id. ¶ 29).  Instead of transferring the position, however, defendant filled it with a less qualified man ten years younger than plaintiff. (Id. ¶¶ 30-31).  Plaintiff's male replacement was paid at a higher rate than she had been paid.  (Id. ¶ 30).

All these allegations, must be taken as true at this stage of the proceedings.  They are sufficient to raise an inference of discrimination based both upon gender and age.  The defendant's motion to dismiss the plaintiff's claim of age and gender discrimination will be denied.

### B. Hostile Work Environment

Count I and II of plaintiff's complaint also raises hostile work environment with regard to gender and age.  (See Doc. 18).  Defendant moves to dismiss

these claims.  After a careful review, this portion of the defendant's motion will be granted.

With regard to a hostile work environment claim, the Third Circuit Court of Appeals has explained:

> To succeed on a  hostile work environment claim, the plaintiff must establish that 1) the employee suffered intentional discrimination because of his/her [protected class], 2) the discrimination was severe or pervasive, 3) the discrimination detrimentally affected the plaintiff, 4) the discrimination would detrimentally affect a reasonable person in like circumstances, and 5) the existence of *respondeat superior* liability.

Mandel v. M&Q Packaging Corp., 706 F.3d 157, 167 (3d Cir. 2013).

Defendant argues that the facts alleged in plaintiff's amended complaint are insufficient to establish that any discriminatory harassment was severe and pervasive.  The law provides employment discrimination laws such as Title VII the ADEA:

> [do] not mandate a happy workplace.  Occasional insults, teasing, or episodic instances of ridicule are not enough [to establish a hostile work environment]; they do not "permeate" the workplace and change the very nature of the plaintiff's employment.  Factors to be weighed include the frequency of the discriminatory conduct; its severity; whether it was physically threatening or humiliating, or a mere offensive utterance and whether it unreasonably interferes with an employee's work performance.  No one factor is dispositive, and the analysis must focus on the totality of the circumstances.

Jensen v. Potter, 435 F.3d 444, 452-52 (3d Cir. 2006).

Here, a review of the complaint's allegations reveals that plaintiff has not alleged harassment that permeated the workplace and changed the conditions of plaintiff's employment.  Two statements are highlighted in the amended complaint, one, which defendant's owner, Haug, repeatedly made.  This statement was that he wanted to fire an employee due to her pregnancy.  (Doc. 18, ¶¶ 19-20).  The second statement regarded an employee, Lucy Gonzalez, whom Haug referred to as "the old lady Lucy" and indicated that she was too old to be working.  (Id. ¶ 21).  These remarks are simply insufficient to establish employment harassment based on age and gender.  They are not alleged to have been frequent, severe, physically threatening or humiliating or that they would interfere with the plaintiff's work performance.  Thus, plaintiff's harassment claims based on age and gender will be dismissed.  The allegations of the amended complaint may support a finding of discrimination, but not a hostile work environment.

**Conclusion**

For the reasons set forth above, the defendant's motion to dismiss will be granted in part and denied in part.  It will be granted with regard to plaintiff's allegations of harassment due to age and gender, and it will be denied in all other respects.  An appropriate order follows.

Date: 8/23/24

_____
JUDGE JULIA K. MUNLEY
United States District Court

13