IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CYNTHIA DAY,
        Plaintiff

v.

GLOBAL LOGISTICS
SOLUTIONS, LLC,
        Defendant

No. 1:23cv355

(Judge Munley)

## MEMORANDUM ORDER

Before the court is Plaintiff Cynthia Day's motion for reconsideration regarding the court's memorandum and order dated August 23, 2023. (Doc. 30). Previously, the court granted Defendant Global Logistics Solutions, LLC's motion to dismiss with regard to Day's claims of hostile work environment and denied the motion in all other respects. (Docs, 28, 29).

By way of brief background, Day served as an employee of defendant from September 2021, through May 22, 2022. See Day v. Glob. Logistics Sols., LLC, 2024 WL 3927256, at *1 (M.D. Pa. Aug. 23, 2024).[1] At the time relevant to this lawsuit, Day was between approximately fifty-two (52) and fifty-four (54) years of

---

[1] These background facts are derived from the court's memorandum addressing defendant's motion to dismiss. (Doc. 28). The court accepted all factual allegations in Day's amended complaint as true. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citations omitted). The court made no determination, however, as to the ultimate veracity of these assertions.

age. Id. Day reported to Jason Haug, defendant's owner. Id. Defendant promoted Day to the position of controller in December of 2021 based on her good job performance. Id. However, defendant later made the abrupt decision to terminate Day's employment. Id. Haug told Day that defendant planned to transfer her position from Pennsylvania to New York state. Id.

While employed by the defendant, Day was paid on an hourly basis. Id. Day worked more than forty (40) hours a week. Id. Defendant provided overtime compensation for all hours worked over forty (40) in a workweek. Id. Nevertheless, in March 2022, defendant informed Day that it would no longer provide overtime compensation despite the number of hours worked each workweek. Id. Day worked approximately seventy (70) hours a week from March 2022 until her termination. Id.

Day sued defendant on February 28, 2023. Id. Day's amended complaint contained the following four causes of action: Count I, Discrimination and Hostile Work Environment under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*; Count II, Gender Discrimination and Hostile Work Environment under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; Count III, Failure to Pay Overtime Compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*; and Count IV,

Failure to Pay Overtime Compensation under the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 PA. Stat. § 333, *et seq.* Id.

Defendant filed a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seeking dismissal of Counts I and II of Day's amended complaint. (Doc. 20). The court granted the motion as to Day's allegations of hostile work environment based on gender and age but denied it in all other respects. (Doc. 29).

In her motion for reconsideration, Day requests the court to reconsider its order dismissing her hostile work environment allegations. (Doc. 30). In the same motion, Day argues that the court did not address her request to file a second amended complaint. (Id. ¶ 13). She asserts that the court's order did not explicitly mention whether Day's claims for hostile work environment were dismissed with prejudice. (Id.; See Doc. 29).

Defendant opposes the motion, emphasizing that it failed to satisfy the standard for reconsideration. (Doc. 34, Def. Br. in Opp. at 3). Defendant also asserts that Day's motion improperly seeks to relitigate issues already decided. (Id. at 5). Additionally, defendant alleges that Day relied on unpublished cases in her motion for reconsideration. (Id. at 8). Per defendant, granting reconsideration based on unpublished cases would undermine the finality of judgments. (Id.) Day did not file a reply brief responding to defendant's arguments.

3

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir.1985); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). For such a motion to be granted, the movant must demonstrate one of the three following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Max's Seafood Cafe, 176 F.3d at 677. A motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

Day's motion and brief in support raise only one ground for reconsideration of the court's order. Day asserts that this court committed a manifest error of law when it dismissed her claims of hostile work environment under Title VII and the ADEA. (Doc. 31, Pl. Br.in Supp. at 6). Per Day, the court erred when it relied on Mandel v. M & Q Packaging Corp., 706 F.3d 157 (3d Cir. 2013) and Jensen v. Potter, 435 F.3d 444 (3d Cir. 2006), to decide the severe and pervasive prong of the hostile work environment analysis. (Id. at 4). Day alleges that both of these cases were decided at the summary judgment level with the benefit of substantial discovery. (Id.) For this reason, Day asserts that the court analyzed her hostile

4

work environment claims as if there were a full record available for its review. (Id. at 6). Day's allegations miss the mark.

First, the court applied the law consistent with the Third Circuit's established precedent when it ruled on defendant's motion to dismiss. Second, the court applied the standard of review pertaining to the motion to dismiss when it issued its order dismissing her claims of hostile work environment. Day, 2024 WL 3927256, at *2. Pursuant to this standard, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when factual content is pled that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

In her amended complaint, Day based her claims of hostile work environment on two statements made by defendant's owner, Haug. Day, 2024 WL 3927256, at *5. The first statement was that he wanted to fire a female employee, Isabel (last name unknown), due to her pregnancy. (Doc. 18, First Am. Compl. ¶ 19). The second statement regarded another female employee,

5

Lucy Gonzalez, whom Haug referred to as "the old lady Lucy" and indicated that she was too old to be working. Id.

Under the law, the court must look at all circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with the employee's work performance." Whitesell v. Dobson Commc'n, 353 F. App'x 715, 717 (3d Cir. 2009) (quoting Faragher v. City of Boca Raton, 524 U.S. 775, 787–88 (1998)); see also Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993). For instance, in Whitesell v. Dobson Commc'ns, plaintiff was a female over forty (40) years when she was terminated. 2008 WL 474270, at *13 (W.D. Pa. Feb. 20, 2008), aff'd in part sub nom., Whitesell v. Dobson Commc'n, 353 F. App'x 715, 717 (3d Cir. 2009). Among other claims, plaintiff in Whitesell asserted hostile work environment claims under Title VII and the ADEA, which arose from statements made by her supervisor over an approximately two-year period. Id. at *16. The District Court then dismissed all of the plaintiff's claims by granting the defendant's motion for summary judgment. Id. On appeal, the Third Circuit Court of Appeals analyzed the supervisor's statements, which where were directed at plaintiff. Whitesell, 353 F. App'x at 717. These statements included "she needs glasses," "whether [plaintiff] remembered older television shows or movies," and "come on, old lady, keep up." Id. After

evaluating the totality of the circumstances, including the frequency and severity of the supervisor's conduct, the Court of Appeals concluded that the statements "were neither physically threatening nor humiliating, and [plaintiff] has not shown how the comments affected her work performance." Id. Lastly, the Court of Appeals added that "isolated comments about [an employee's] age such that she 'shouldn't be working at [her] age' were not pervasive enough to create an objectively hostile work environment." Id. (quoting Racicot v. Wal-Mart Stores, Inc., 414 F.3d 675, 678 (7th Cir. 2005)).

As alleged, Haug's statements are similar to those made in Whitesell, in that they were directed at female employees. 353 F. App'x at 717. However, in this case, Haug's statements were not directed at Day. They were directed at other female employees. Additionally, based on Day's assertions, these statements were not frequent or severe. Furthermore, Day's amended complaint is devoid of allegations that these statements were physically threatening or humiliating. Day also did not plead enough facts to explain how Haug's statements interfered with her work performance. As noted above, courts have found that statements of this kind do not rise to the level of severity or pervasiveness necessary to establish a hostile work environment. Whitesell, 353 F. App'x at 717; Racicot, 414 F.3d at 678. Hence, the court did not commit a

7

clear error of law when it dismissed Day's allegations of a hostile work environment due to age and gender.

Additionally, in her motion for reconsideration, Day requests leave to file a second amended complaint in the event the court refuses to reconsider its previous decision regarding the dismissal of the hostile work environment claims. (Doc 30, ¶ 15; Doc. 31, Br. in Supp. at 7). In her brief in opposition to defendant's motion to dismiss, Day requested leave to file a second amended complaint. (Doc. 22). The court did not address her request to amend previously. (Doc. 29). Furthermore, defendant did not challenge Day's latest request for leave to amend while opposing her motion for reconsideration. (Doc. 34, Def. Br. in Opp.).

Amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. Leave to amend should be freely given absent any "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" Foman v. Davis, 371 U.S. 178, 182 (1962). Moreover, "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust." Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) (citing Foman, 371 U.S. at 182; Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993)). Prejudice to the non-moving party is the touchstone for denying an

amendment. Id. (citing Lorenz, 1 F.3d at 1414) (further citation omitted). Moreover, if a civil rights complaint is subject to dismissal for failure to state a claim, "a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245.

At this juncture, there is no evidence that Day's request for leave to amend is motivated by bad faith or undue delay. Additionally, the court cannot definitively conclude that Day will be unable to include additional facts to cure the deficiencies in her amended complaint and plausibly allege hostile work environment claims based on gender and age. As a result, Day will be permitted leave to file a second amended complaint.

Thus, the court need not address defendant's remaining arguments raised in its brief in opposition. Accordingly, for the reasons set forth above, it is hereby **ORDERED** that:

1) Day's motion for reconsideration, (Doc. 30), is **DENIED**;

2) Day's request to file a motion for leave to file a second amended complaint is **GRANTED**;

3) Day shall file the motion for leave to file a second amended complaint within twenty (20) days; otherwise, the first amended complaint will remain the operative complaint in this matter; and

9

4) If Day wishes to amend her amended complaint, she is directed to do so in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Pennsylvania.

Date: 7/24/25

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court